Wood *v.* Walbridge.

[MONROE GENERAL TERM, December 4, 1854. *Johnson, Welles* and *T. R. Strong,* Justices.]

WOOD *vs.* WALBRIDGE.

On the 8th of November, 1843, the plaintiff leased a tavern stand of H., B. and P. for the term of eight years, to commence on the 1st of April, 1844. On the 29th of February, 1844, the house was destroyed by fire, and the plaintiff, who had before taken possession of the premises, thereupon abandoned the same, and requested the lessors to cancel the lease, insisting that it was verbally agreed between him and the lessors, before the lease was drawn, that in case of a destruction of the house by fire, the lease was thereby to be terminated. The lessors refused to cancel the lease, and the premises were unoccupied during the first quarter. In July, 1844, the lessors entered into possession of the premises, and B. and P. conveyed their interest therein to H., who erected a new building thereon, and leased the same to the defendant, for the term of three years. The plaintiff made no claim to the premises while the new building was being erected, and waited until November, 1846, when he brought an ejectment suit against the defendant.

*Held,* that the taking possession of the premises by the lessors, the erection of the new building by one of them, and the lease thereof to the defendant, must be taken to have been with the plaintiff's assent; and were inconsistent with the continuance of the lease given to the plaintiff. That consequently, the

Wood *v.* Walbridge.

lease to the plaintiff must be regarded as having been surrendered, by opera-
tion of law, long before the commencement of the action.

*Held also,* that in such action a bill in chancery, in a suit brought by the
plaintiff against his lessors to have them enjoined from further proceedings
in a suit against him for the first quarter's rent, and to have the lease reformed
by inserting the alleged agreement in respect to the termination of the lease
in case of the destruction of the house by fire, and to cause the lease to be
delivered up and canceled, was admissible in evidence, as proof of important
declarations of the plaintiff, bearing upon the question of a surrender of the
lease.

THIS was an action to recover the possession of real estate. The cause was tried at the Monroe circuit in January, 1848, and the judge nonsuited the plaintiff, who now moved for a new trial, upon exceptions. The facts are sufficiently set forth in the opinion of the court.

*D. Wood,* for the plaintiff.

*M. Chapin,* for the defendant

*By the Court,* T. R. STRONG, J. The lease from Hubbell, Burns and Perrin, to the plaintiff, under which the latter claims title to the premises in question, was executed the 8th day of November, 1843; and the term was to commence the first day of April, 1844, and continue eight years. The premises consisted of a building known as the "Mansion House," in the city of Rochester, with barns and sheds, which had been used for the purpose of a tavern. On the 29th of February, 1844, the said house was destroyed by fire; and the plaintiff, who had before taken possession of the premises, thereupon abandoned the same; and, early in March, requested the lessors to cancel the lease, insisting that it was verbally agreed between him and the lessors, before the lease was drawn, that in case of a destruction of the house by fire, the lease was thereby to be terminated. The lessors refused to cancel the lease, and the premises were unoccupied by any of the parties to it during the first quarter, each disclaiming that he had any thing to do with the premises. In July, 1844, the lessors entered into possession of the prem-

ises; and by deed dated the 31st of that month, Burns and Perrin conveyed to Hubbell their interest therein. In August following, Hubbell commenced the erection of a new tavern house on the premises, much more valuable than the former one, which was completed in July, 1845, and the defendant, soon thereafter, went into possession under a lease from Hubbell, for three years, at nearly double the annual rent which was to have been paid by the plaintiff. Perrin testifies that the plaintiff made no claim to the premises while the new building was in progress of erection; and this action was not commenced until the 28th of November, 1846. Upon these facts, I am of opinion that the lease to the plaintiff must be regarded as having been surrendered, by operation of law, long before the commencement of this action. The taking possession of the premises by the lessors, the erection of the new building by one of them, and the lease thereof to the defendant, must be taken to have been with the plaintiff's assent. They are inconsistent with the continuance in force of the lease to the plaintiff; it would be highly inequitable to allow the plaintiff to assert a title under that lease; and these facts in law constitute a valid surrender of the lease. (2 *R. S.* 134, § 6. *Bailey* v. *Delaplaine*, 1 *Sand. S. C. R.* 5, *and cases cited. Whitney* v. *Meyers*, 1 *Duer*, 266. *Schieffelin* v. *Carpenter*, 15 *Wend.* 400. *Smith* v. *Niver*, 2 *Barb. S. C. R.* 180.)

Upon the trial the defendant gave in evidence, under an objection by the plaintiff, and an exception to the decision allowing the evidence, a bill of complaint in a suit in chancery in favor of the plaintiff against his lessors, which suit was brought to have the defendants therein enjoined from further proceedings in a suit against him for the first quarter's rent, and to procure the lease to be reformed by inserting the alleged agreement above mentioned in respect to the termination of the lease, in case the house should be destroyed by fire during the term; and upon the lease being so reformed, to have the same delivered up and canceled. This bill was subscribed and sworn to by the plaintiff; and I think it was properly received in evidence, as proof of important declarations of the plaintiff, bearing upon

Wood *v.* Walbridge.

the question of a surrender of the lease ; as the destruction of the house by fire ; his offer to surrender the lease, and his efforts to have the same canceled ; the taking possession of the premises by the lessors at the commencement of the second quarter ; the erection of the new building, and some other acts of a similar character.

The testimony of Daniels, to declarations of the plaintiff in April, 1844, in substance, that he had nothing to do with the premises, was evidence of a like nature ; and so also was the testimony of Burns and Perrin to conversations with the plaintiff, in which he expressed a desire to have the lease canceled, and stated he had nothing to do with the premises.

I do not perceive that Burns and Perrin were incompetent witnesses in favor of the defendant, from interest in the event of the action. They were not parties to the lease to the defendant, nor under any obligation whatever to him. They had sold out their rights in the premises before that lease was executed. Whatever interest they had was in favor of the plaintiff, and they were called to testify against it. No ground for objection, by the plaintiff, to this existed.

It follows, from the foregoing views, that the motion for a new trial must be denied.

[Monroe General Term, December 4, 1854. *Johnson, Welles* and *T. R. Strong*, Justices.]